IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00039-MR

| | |
|---|---|
| **GRANT PAUL DALTON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **ALAN Z. THORNBURG,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 [Doc. 1]. Also pending are the Respondent's Motion to Dismiss [Doc. 15] and Motion to Correct [Doc. 18] and the Petitioner's Motion for Issuance of a Subpoena[1] [Doc. 20].

---

[1] Titled "Habeas Corpus" with a completed Subpoena form attached. The Court will liberally construe these documents as a Motion for the Issuance of a Subpoena. However, Petitioner is cautioned that, in the future, he must seek relief from the Court through the filing of motions. Future miscellaneous filings and letters will not receive a response from the Court.

## I. BACKGROUND

The Petitioner, a pretrial detainee at the Buncombe County Detention Facility, filed the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pretrial detention. [Doc. 1].

The Petitioner was arrested on August 25, 2020 pursuant to six Buncombe County probable cause warrants for various offenses, including assault on a law enforcement officer inflicting serious injury; assault with a deadly weapon on a government official; larceny of a motor vehicle; and communicating threats. [See Doc. 16-2 (arrest warrants); see also Doc. 16-3 (Indictments entered February 7, 2021)]. A Buncombe County magistrate ordered the Petitioner to be held on a $300,000 secured bond, noting his "history of serious assaults involving [law enforcement officers]." [Doc. 16-3 at 2]. The Petitioner was appointed an attorney on August 27, 2020. [Docs. 16-4]. On September 25, 2020, the Petitioner's appointed lawyer, Ehsan Akhavi, filed a motion to appoint a local certified forensic evaluator on the grounds that the Petitioner refused to meet with counsel and had a history of mental illness as well as a prior conservatorship. [Doc. 16-5]. The trial court granted the motion that same day. [Id.]. On November 13, 2020, a local certified forensic evaluator attempted to evaluate the Petitioner through a telehealth visit but Petitioner refused to cooperate, and therefore, the

2

Case 1:23-cv-00039-MR   Document 21   Filed 08/30/23   Page 2 of 16

evaluator was unable to determine the Petitioner's capacity to proceed. [Doc. 16-6 at 1-4].

On December 9, 2020, the prosecutor filed a motion seeking the Petitioner's involuntary civil commitment for examination of his capacity to proceed. [Doc. 16-7]. A Buncombe County Superior Court Judge granted the Motion on April 15, 2021, after the Petitioner repeatedly refused to participate in a forensic evaluation. [Doc. 16-8]. On October 22, 2021, a Superior Court Judge found that the Petitioner's capacity had been restored, and he was discharged from involuntary commitment and released to the Buncombe County Sheriff's Office. [Doc. 16-9].

On December 2, 2021, Mr. Akhavi was allowed to withdraw from the representation, and attorney Gregory Newman was appointed to represent the Petitioner. [Docs. 16-10, 16-11].

On January 12, 2022,[2] Petitioner filed the first in a series of pro se Petitions for Writ of Habeas Corpus in Buncombe County Superior Court. [Doc. 16-12]. He argued *inter alia* that he was arrested without probable cause; that he should be immediately released from pretrial detention; and that he was being held without bond. [Id. at 7-8]. The matter came before

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

Senior Buncombe County Superior Court Judge Alan Z. Thornburg at a hearing where the Petitioner was present along with his counsel. [Docs. 16-14, 16-25]. Counsel asked the court to "listen directly to [his] client on this"; the Petitioner then introduced himself as "a pro se defendant" and presented argument to the court. [Doc. 16-25 at 4]. Judge Thornburg denied relief, finding that the Petitioner was being lawfully detained on valid arrest warrants; that the Petitioner had failed to show that he should be released from custody; and that the case was scheduled to be heard by the grand jury within a few days. [Id. at 7-10; Doc. 16-14].

The Petitioner filed his second state habeas Petition in the North Carolina Supreme Court on April 12, 2022. [Doc. 16-15]. He argued *inter alia* that he was arrested without probable cause or a valid warrant; that his due process rights were being violated; and that he was being denied the opportunity to represent himself, a speedy trial, and legal assistance. He again sought immediate release. [Id. at 14]. The North Carolina Supreme Court denied the Petition on April 14, 2022. [Doc. 16-16].

On June 15, 2022, the Petitioner filed his third state habeas Petition in Buncombe County Superior Court. [Doc. 16-17]. He again sought immediate release, arguing that he was being denied a speedy trial; that he did not

consent to the appointment of counsel; that he was denied a probable cause hearing; and that his due process rights were being violated. [Id. at 4-5].

On September 8, 2022, the Petitioner's lawyer moved for involuntary civil commitment on the grounds that the Petitioner was hearing voices, that he was unable to discuss the case with counsel, and that the Petitioner posed a threat to himself and members of the public. [Doc. 16-18]. The Buncombe County Superior Court granted the motion that same day. [Id.; Doc. 16-26].

On September 26, 2022, the Petitioner filed several pro se motions in Buncombe County Superior Court, including a Motion to Dismiss, Motion for Speedy Trial, and Motion to Remedy Excessive Bail. [Doc. 16-19]. On October 20, 2022, the Petitioner filed a fourth state habeas Petition in Buncombe County Superior Court reiterating many of his previously-asserted claims and again seeking immediate release. [Doc. 16-20]. A hearing on the habeas Petition and on the Petitioner's pro se Motions came before a Buncombe County Superior Court judge on November 9, 2022. [Doc. 16-27]. That court explained that it could not resolve Petitioner's Motions until he has been found competent to proceed. [Id. at 13, 18].

The Petitioner continued to write pro se letters to the clerk of the trial court between December 2022 and May 2023, requesting documents,

challenging the validity of the criminal proceedings, and using threatening language. [See Doc. 26-22]. On March 22, 2023, Judge Thornburg entered an Order finding the Petitioner incompetent to proceed and involuntarily civilly committing him to treat his mental illness, and to restore his capacity. [Doc. 16-23].

Meanwhile, the Petitioner filed the § 2241 Petition in the instant case on January 31, 2023. In the Petition, he appears to claim that (1) there has been "[n]o Indictment" in the criminal case; (2) he was denied a speedy trial; (3) he was denied a probable cause hearing; and (4) he was denied "all discovery." [Doc. 1 at 7-8]. He seeks immediate release from his "unlawful imprisonment." [Id. at 8].

The Respondent moved to dismiss the § 2241 Petition on the grounds of non-exhaustion and abstention principles. [Doc. 16]. The Court notified the Petitioner of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Doc. 17]. The Petitioner filed a Response[3] reiterating his state habeas claims, arguing that he properly exhausted all state remedies and that there are exceptional circumstances warranting federal habeas review, *i.e.*, the "abuse of process" in determining his capacity to proceed. [Doc. 19 at 7]. The Petitioner again

---

[3] Titled "Reply."

requests immediate release and the dismissal of the pending state charges. [Id. at 8].

The Respondent then filed a Motion to Correct Consolidated Brief correcting a transcription error of which counsel became aware after filing the Motion to Dismiss. [Doc. 18]. A Corrected Consolidated Brief, index, and corrected transcript are attached to the Motion. [See Docs. 18-1, 18-2, 18-3]. The Petitioner has not responded to this Motion, and the time to do so has expired. See LCvR 7.1(e).

The Petitioner also seeks the issuance of a subpoena for records from the Clerk of the Buncombe County Superior Court. [Doc. 20]. The Respondent has not responded to the Motion.

These matters are now ripe for consideration.

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to

less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As a preliminary matter, the Respondent has moved to correct the brief and transcript that were filed in support of the Motion to Dismiss due to an error that was unknown to counsel at the time they were filed. [Doc. 18]. It appears that the error was made in good faith and the Petitioner has not objected to the correction. Accordingly, the Motion to Correct is granted, and the corrected brief and exhibits are accepted. [See 18-1, 18-2, 18-3].

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment a relief under § 2254 is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby,

371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See, e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A habeas petitioner has the burden of proving that a claim is exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

Here, the Petitioner claims that there has been no indictment and that he has been denied a speedy trial, a probable cause hearing, and discovery. The Petitioner raised his claims in state habeas petitions filed in the Buncombe County Superior Court [Docs. 16-12, 16-17, 16-20] and the North Carolina Supreme Court [Doc. 16-15], and in a Motion to Dismiss filed in the Buncombe County Superior Court [Doc. 16-22]. See N.C. Gen. Stat. §§ 17-

9

3 *et seq.*, 15A-954.  Such claims, however, were not properly filed because the Petitioner filed them pro se while he was represented by counsel.  State v. Grooms, 353 N.C. 50, 61, 540 S.E.2d 713, 721 (2000) ("Having elected for representation by appointed defense counsel, defendant cannot also file motions on his own behalf or attempt to represent himself. Defendant has no right to appear both by himself and by counsel.") (citations omitted). Accordingly, the state habeas petitions and Motion to Dismiss failed to exhaust the Petitioner's present claims.  Picard, 404 U.S. at 275-77.

Although it does not appear that counsel adopted the Petitioner's first state habeas Petition,[4] that filing will be briefly addressed in an abundance of caution because it was denied on the merits at hearing where the Petitioner's counsel was present.  [Doc. 16-12].  The Superior Court found that Petitioner was being lawfully detained on valid warrants, that the State had scheduled a grand jury hearing, and that Petitioner was not entitled to habeas relief.  [Doc. 16-14].  Appellate review of that order was available "by petition for certiorari addressed to the sound discretion of the appropriate appellate court."  Chavez v. McFadden, 374 N.C. 458, 470, 843 S.E.2d 139, 148 (2020) (quoting State v. Niccum, 293 N.C. 276, 278, 238 S.E.2d 141,

---

[4] See, e.g., State v. Williams, 363 N.C. 689, 686 S.E.2d 493 (2009) (counsel did not adopt the defendant's pro se filings by stating that "we need a ruling" on the pro se filings).

143 (1977)) (citations omitted). The Petitioner was required to seek certiorari in the North Carolina Court of Appeals, but he failed to do so. See N.C. R. App. P. 21(e); Niccum, 293 N.C. at 278, 238 S.E.2d at 143. Instead, he filed a separate habeas petition in the North Carolina Supreme Court, which petition was denied. [Doc. 16-15]. Accordingly, even if the first habeas petition had been properly filed in the trial court, the Petitioner failed to exhaust the available state court remedies upon its denial. See generally O'Sullivan, 526 U.S. at 838; Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) ("The habeas petitioner must raise his claim before every available state court, including those courts … whose review is discretionary").

Even if the Petitioner had exhausted his claims, § 2241 relief is also precluded by abstention principles. While federal courts have the jurisdiction to grant federal habeas relief in advance of trial, the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of

11

circumstances. 401 U.S. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Younger abstention also applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Public Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005) (internal quotation marks omitted); see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when Younger abstention is appropriate); Middlesex, 457 U.S. at 432 (Younger abstention is appropriate where "noncriminal proceedings bear a close relationship to proceedings criminal in nature").

The first Younger prong is satisfied in the instant case because the parties do not dispute that Petitioner has ongoing proceedings in state court. The second prong is satisfied because "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation

12

omitted). The third prong is satisfied because "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

The Petitioner contends that his lengthy pretrial detention and repeated capacity determinations constitute extraordinary circumstances that warrant consideration of his Petition without delay. However, the state courts have an important interest in restoring his capacity for trial. See Sell v. United States, 539 U.S. 166, 180 (2003) (the government has an "important" interest "in bringing to trial an individual accused of a serious crime"). Further, the Petitioner will have the opportunity to challenge the civil commitment in the North Carolina courts with the assistance of counsel. See Matter of J.R., 383 N.C. 273, 278, 881 S.E.2d 522 (2022) (noting that "[a]n individual facing involuntary commitment has numerous procedural protections, including the right to counsel, N.C.G.S. § 122C-268(d); the right to have the commitment reports and other relevant documents shared with the trial court, N.C.G.S. § 122C-266(c); and the right to confront and cross examine witnesses. N.C.G.S. § 122C-268(f)."). The Petitioner has an adequate remedy at law with regard to his criminal prosecution and the related civil commitment proceedings. He has failed to demonstrate the existence of narrow and

extraordinary circumstances that warrant immediate consideration of his claims. Accordingly, the Petitioner's § 2241 claims are barred by Younger abstention.

Moreover, the Petitioner seeks relief that is not available in this § 2241 action, *i.e.*, dismissing the pending criminal charges and ordering his immediate release. "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). Dismissal is warranted on this basis as well.

Finally, the Petitioner's Motion for Issuance of a Subpoena [Doc. 20] is denied as moot in light of the dismissal of this § 2241 action.

## IV. CONCLUSION

For the reasons stated herein, the Respondent's Motion to Correct is granted, the Respondent's Motion to Dismiss is granted, the Petitioner's § 2241 petition is dismissed without prejudice, and the Petitioner's Motion for Issuance of a Subpoena is denied as moot. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a

14

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS THEREFORE ORDERED** that:

1. Respondent's Motion to Dismiss [Doc. 15] is **GRANTED**.

2. Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

3. Respondent's Motion to Correct [Doc. 18] is **GRANTED**.

4. Petitioner's Motion for Issuance of a Subpoena [Doc. 20] is **DENIED AS MOOT**.

5. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED**.

Signed: August 29, 2023

Martin Reidinger
Chief United States District Judge